**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

RINNETTE NGUIKOH #A221-075-224          CASE NO.  3:26-CV-00567 SEC P

VERSUS                                  JUDGE JAMES D. CAIN, JR.

FIELD OFFICE DIRECTOR ET AL             MAGISTRATE JUDGE LEBLANC


## MEMORANDUM ORDER

Before the court is a Motion for Emergency Release [doc. 3] filed by immigration detainee Rinnette Nguikoh, in connection with her pending petition for writ of habeas corpus. *See* doc. 6. Ms. Nguikoh, a native of Cameroon, argues that ICE revoked her parole without providing her explanation or a meaningful hearing. *Id.* at 2. She asks this court to release her pending a resolution of her petition, citing her pending appeal of the removal order and her compliance with the terms of supervision during her parole. Doc. 3. The court construes this request as a motion for temporary restraining order.

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's

discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *see also Suburban Propane, L.P. v. D & S GCTX LLC*, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

The petitioner's request for immediate release cites no threat of imminent harm. Instead, she merely seeks to accelerate her request for the ultimate relief requested under her habeas petition. Courts should not allow petitioners to skip the line on habeas review by dressing their petitions as TRO's. *See Rodriguez v. Lyons*, 2025 WL 3553742, at *1 (W.D. La. Dec. 8, 2025) (denying a "motion to decide my habeas petition now."); *Lindell v. United States*, 82 F.4th 614, 618 (8th Cir. 2023) ("[T]he purpose of injunctive relief is to preserve the status quo; it is not to give the movant the ultimate relief he seeks."). The petitioner's alternative request for a bond hearing is unavailing under controlling authority in this circuit. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Accordingly, **IT IS ORDERED** that the Motion [doc. 3] be **DENIED**. The matter is referred to the magistrate judge for expedited review.

**THUS DONE AND SIGNED** in Chambers on the 23rd day of March, 2026.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**

Page 2 of 2